IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GLEN A. GARLAND,
    Petitioner,

vs.                                    Case No.: 3:04cv293/RV/EMT

JAMES CROSBY, JR.,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

    Petitioner initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1). The petition did not comply with the instructions on the court approved form for use in § 2254 actions, therefore, this Court directed Petitioner to file an amended petition (Doc. 8). Petitioner responded by filing two different petitions as one document (Doc. 11). This Court advised Petitioner that his filing was unacceptable and directed him to file a second amended petition (Doc. 12). Petitioner filed a second amended petition on December 10, 2004 (Doc. 14). Now pending is Respondent's motion to dismiss this action on the ground that the petition was untimely filed pursuant to 28 U.S.C. § 2244(d) (Doc. 22). Petitioner responded to the motion to dismiss, insisting that his original petition was timely filed (Doc. 26).

    The procedural background of this case is largely undisputed by the parties, and to the extent they disagree, it is established by the state court record. On September 23, 1999, Petitioner was adjudicated guilty in the Circuit Court for Escambia County, Florida, of one count of attempted voluntary manslaughter, one count of shooting at, into, or within an occupied vehicle, and two counts of aggravated assault by threat with a firearm (Doc. 23, Ex. C at 18-25). He was sentenced to two terms of ninety-six (96) months of incarceration followed by four (4) years of probation on the attempted manslaughter and shooting into a vehicle charges, and to two terms of sixty (60) months of incarceration on the aggravated assault charges, with all prison sentences to run concurrently (*id.*). Petitioner appealed his conviction and sentence to the Florida First District Court of Appeal (First DCA), and the appellate court affirmed per curiam without opinion on February 16, 2001, with the mandate issuing March 6, 2001 (Doc. 23, Exs. A, B).

    While Petitioner's direct appeal was pending, he filed a motion to correct sentence pursuant to Rule 3.800 of the Florida Rules of Criminal Procedure (Doc. 23, Ex. C at 7-14). The motion was

denied (*id*. at 15-25). Petitioner appealed the denial to the First DCA, and the appellate court affirmed the decision on November 9, 2001, with the mandate issuing January 3, 2002 (Doc. 23, Exs. D, E).

Petitioner filed a second Rule 3.800 motion with the trial court on January 7, 2002 (*see* Doc. 26, Ex. A).[1]  The trial court dismissed the motion without prejudice as facially insufficient on January 23, 2002 (*id*.).

On February 6, 2002, Petitioner filed a third Rule 3.800 motion (Doc. 23, Ex. F at 1-21).  The trial court denied the motion on March 13, 2002 (*id*. at 22-58).  Petitioner appealed the denial to the First DCA, and the appellate court affirmed the decision per curiam without opinion on July 17, 2002, with the mandate issuing August 13, 2002 (*id.* at 59; Doc. 23, Exs. G, H).

While Petitioner's third postconviction motion was pending, Petitioner filed a petition for writ of habeas corpus with the First DCA (Doc. 23, Ex. I).  The First DCA denied the petition per curiam without opinion and denied Petitioner's motion for rehearing on October 8, 2002 (*id*., Exs. J, K).

On March 3, 2003, Petitioner filed a motion for postconviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Doc. 23, Ex. L at 1-47).  The trial court denied the motion on July 22, 2003 (*id*. at 56-57).  Petitioner appealed the decision to the First DCA, and the appellate court affirmed per curiam without opinion on December 4, 2003, with the mandate issuing February 18, 2004 (Doc. 23, Exs. M, N).

Petitioner filed the instant habeas action on August 16, 2004 (Doc. 1).

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment.  The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] In Haag v. State, the Florida Supreme Court held that the "mailbox rule," recognized by the United States Supreme Court in Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), applies to incarcerated pro se petitioners; thus, a petition or notice of appeal is deemed filed at the moment the inmate loses control over the document by placing it in the hands of prison officials.  591 So.2d 614, 617 (Fla. 1992).

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

In the instant case, Petitioner does not assert that a government-created impediment to his filing existed, that he bases any of his claims on a right newly recognized by the Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before the filing of this petition. Thus, the statute of limitations must be measured from the remaining statutory trigger, which is the date on which his conviction became final. *See* 28 U.S.C. § 2244(d)(1).

It is now well established that when a Florida defendant directly appeals his conviction but does not seek certiorari review of the decision affirming the conviction, the one-year limitations period for filing a federal habeas petition begins to run ninety (90) days after issuance of the appellate court's decision.[2] Nix v. Secretary for the Dep't of Corrections, 393 F.3d 1235, 1236-37 (11th Cir. 2004) (citing Bond v. Moore, 309 F.3d 770 (11th Cir. 2002)); Jackson v. Secretary for the Dep't of Corrections, 292 F.3d 1347, 1349 (11th Cir. 2002); *accord* Clay v. United States, 537 U.S. 522, 525, 123 S.Ct. 1072, 1075, 155 L.Ed.2d 88 (2003); Close v. United States, 336 F.3d 1283, 1284-85 (11th Cir. 2003). In the instant case, the First DCA issued its decision affirming Petitioner's conviction on February 16, 2001 and Petitioner did not seek review of his conviction in the Florida Supreme Court or in the United States Supreme Court; therefore, his conviction became final for purposes of the AEDPA on May 16, 2001, upon expiration of the 90-day period for seeking certiorari review of his conviction and sentence. *See* Nix v. Crosby, 393 F.3d 1235, 1237 (11th Cir. 2004). Thus, Petitioner's one-year limitations period began to run on that date.

This court must next address whether the limitations period was tolled pursuant to statutory tolling principles. Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Here, the record shows that Petitioner filed a motion for postconviction relief in the state courts during the pendency of the direct appeal of his sentence. The mandate on the appeal of the denial of that motion issued January 3, 2002. Petitioner filed his second postconviction motion on January

---

[2]The 90-day period for filing in the United States Supreme Court a petition for writ of certiorari seeking review of a decision of a state appellate court runs from the date of the state court's opinion. *See* SUP. CT. R. 13.3.

Case No.: 3:04cv293/RV/EMT

...

7, 2002, after four (4) days of the federal limitations period had expired.  The motion was pending until January 23, 2002, the date the trial court denied it.  The limitations period then ran for a period of fourteen (14) days from January 23, 2002 until February 6, 2002, the date Petitioner filed his third state postconviction motion.  The period was tolled until August 13, 2002, the date of issuance of the mandate of the First DCA affirming the trial court's denial of the motion.  During the pendency of the third postconviction motion, Petitioner filed a habeas petition with the First DCA, which was pending until October 8, 2002, the date the First DCA denied his motion for rehearing of the court's order denying the petition.  The limitations period then ran for a period of one hundred forty-six (146) days until March 3, 2003, the date Petitioner filed his Rule 3.850 motion.  The period was tolled until February 18, 2004, the date of issuance of the mandate of the First DCA affirming the trial court's denial of the motion.  The limitations period then ran for a period of one hundred seventy-nine (179) days until August 16, 2004, when Petitioner filed the instant federal habeas action.  As only three hundred forty-three (343) days of the 365-day federal limitations period had expired at the time Petitioner filed his federal habeas petition, the petition was timely.

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

1.	That Respondent's motion to dismiss (Doc. 22) be **DENIED**.
2.	That the file be returned to the undersigned for further proceedings.

At Pensacola, Florida, this 3rd day of May, 2005.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**